UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. KEARNEY,                                    CASE NO. 17-CV-11236
                                                     HON. GEORGE CARAM STEEH
                    Plaintiff,

v.

WASHTENAW COUNTY JAIL,

                    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Pro se plaintiff James Kearney, a prisoner in the Washtenaw County jail, has filed a petition for a writ of mandamus. Plaintiff has neither paid the filing fee nor sought leave to proceed in forma pauperis. Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915(e). *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001). The court also screens this matter for frivolousness or for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) as plaintiff is a prisoner filing a civil lawsuit seeking relief from governmental officials. Applying those screening procedures here, the court determines that plaintiff's petition is frivolous and fails to state a claim and thus, shall be dismissed.

- 1 -

Although plaintiff does not state the basis for his petition, the authority of federal courts to issue writs of mandamus is derived from the All Writs Act, 28 U.S.C. § 1651. Under that statute, federal courts may issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus. *Haggard v. Tennessee,* 421 F.2d 1384, 1385 (6th Cir.1970). "A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan,* 931 F.2d 390, 395 (6th Cir.1991) (citing *Heckler v. Ringer,* 466 U.S. 602, 616–17 (1984)).

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses. *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 33 (2002); *Tropf v. Fidelity Nat'l Title Ins., Co.,* 289 F.3d 929, 943 (6th Cir. 2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ under § 1651). "It is settled that a federal

court has no general jurisdiction to issue writs of mandamus where that is the only relief sought.  In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Haggard,* 421 F.2d at 1386.

In this suit, plaintiff seeks mandamus relief in the form of an order compelling Washtenaw County detectives to conduct a fair investigation of the allegedly false charges against him.   Plaintiff claims he has an alibi defense to the charges that he shot a victim which law enforcement officials have not investigated.  These allegations do not provide an independent basis for the subject matter jurisdiction of this court; thus, the court cannot consider his request for a writ of mandamus.  In addition, a federal court cannot issue a writ of mandamus that compels state officials to comply with state law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 479 (6th Cir. 2008) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984)).

Moreover, mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought.  *Kerr v. U.S. District Court*, 426 U.S. 394, 402-03 (1976); *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011).  To qualify for mandamus relief, a plaintiff must

demonstrate that (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *Heckler*, 466 U.S. at 616-17; *Carson*, 633 F.3d at 491. Plaintiff has not established any of the elements necessary to qualify for mandamus relief.

Accordingly, plaintiff's petition for a writ of mandamus is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). An appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: May 2, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2017, by electronic and/or ordinary mail and also on James M. Kearney, 2201 Hogback Rd., Ann Arbor, MI 48105.

s/Marcia Beauchemin
Deputy Clerk

---